16 F.3d 1226
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Charles W. WRIGHT, Plaintiff/Appellant,
v.
John L. LONG, et al., Defendants/Appellees.
 No. 93-1727.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 7, 1994.*
Decided Feb. 10, 1994.
 
 Before POSNER, Chief Judge, and BAUER and COFFEY, Circuit Judges.
 
 ORDER
 
 1
 In June of 1991 Charles and Denise Wright's divorce was finalized. Six months later the Shelby (Alabama) Circuit Court held Charles Wright in contempt of court for failing to sign over to Denise various real estate deeds as required by the Final Judgment of Divorce. The contempt order directed Wright to pay his ex-wife's attorney fees and imposed a suspended sentence of incarceration allowing Wright to execute the required property deeds. Wright did not appeal the contempt ruling. Wright sought a protective order from the bankruptcy court in the Southern District of Indiana. The bankruptcy court declared Wright's pending bankruptcy action to be a "no asset" case and the trustee relinquished any claim to Wright's interest in the real estate.[1] Wright then executed quitclaim deeds to the real estate and filed this action pursuant to 42 U.S.C. Secs. 1983, 1985 and 1986. Wright alleged that the defendants conspired to deny him his constitutional rights in postdivorce proceedings in Alabama state court, and conspired to compel him to violate federal bankruptcy laws by transferring an asset outside of bankruptcy.
 
 
 2
 Because he was named a defendant in this case, Judge Crowson of the Shelby Circuit court recused himself from the divorce case; recusal resulted in a continuation of Wright's request for modification regarding child visitation rights. No request to reschedule Wright's petition for modification has been made. However, Wright's complaint seeks ten million dollars in compensatory and punitive damages and an order granting him visitation rights with his two minor sons. Wright also filed a petition to remove his divorce action from Alabama state court to the federal district court.
 
 
 3
 The district court properly dismissed Wright's complaint for lack of subject matter jurisdiction. Wright's complaint is based on the divorce, custody, visitation and support decisions of the Alabama state court. Essentially, Wright is asking for federal review of a final state court decision. The Rooker-Feldman doctrine prohibits this: "a United States District Court may review a state court's nonjudicial action for constitutional error, but not a state court's judicial decision whether or not constitutional error is alleged." See Ritter v. Ross, 992 F.2d 750, 753 (7th Cir.1993), cert. denied, 62 U.S.L.W. 3443 (Jan. 10, 1994), interpreting Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923), and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983). Wright "may not seek reversal of a state court judgment simply by casting his complaint in the form of a civil rights action." Ritter, 992 F.2d at 754. Wright's claims are so "inextricably intertwined" with the state court proceedings as to make review of the claims an impermissible review of the state judicial proceedings. See Leaf v. Supreme Court of Wisconsin, 979 F.2d 589, 597 (7th Cir.1992), cert. denied, 113 S.Ct. 2417 (1993).
 
 
 4
 Contrary to Wright's assertion, Ankenbrandt v. Richards, 112 S.Ct. 2206 (1992), does not confer jurisdiction on this court. Ankenbrandt held that the domestic relations exception to a federal district court's diversity jurisdiction does not permit a district court to refuse to exercise diversity jurisdiction over a tort action for damages based on allegations of child sexual abuse. 112 S.Ct. at 2215. However, Wright's action concerns purely domestic issues: visitation and his compliance with the final divorce decree regarding his obligation to transfer his interest in real estate. Accordingly, jurisdiction does not lie with the federal district court; therefore dismissal by the district court was appropriate, as was denial of Wright's petition for removal. The pending matters sought to be removed consist entirely of domestic issues within the jurisdiction of the divorce court.
 
 
 5
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). Wright has filed such a statement. After considering that statement, the briefs and the record, the request for oral argument is denied and the appeal is submitted on the briefs
 
 
 [1]
 See District Court Order, No. NA 92-2-C at 6 n. 2